1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          CENTRAL DISTRICT OF CALIFORNIA

9                              WESTERN DIVISION

10

11    _____
                                           )
12    **KENNETH D. HILL,**                  )    **No. LA CV 16-04041-VBF**
                                           )
13                                          )    **ORDER**
                      Petitioner,           )    Adopting Report & Recommendation;
14                                          )
15            v.                            )    **Denying the Habeas Corpus Petition;**
                                           )
                                           )    Dismissing the Action With Prejudice;
16    WARDEN,                               )
                                           )    Directing Entry of Separate Final Judgment;
17                                          )    Directing Entry of Separate COA Order;
                      Respondent.           )
18                                          )    **Terminating and Closing the Action (JS-6)**
                                           )
19    _____

20        This is an action for a Writ of Habeas Corpus by a Person in State Custody Pursuant

21    to 28 U.S.C. section 2254.  Pursuant to authority conferred by Fed. R. Civ. P. 72(b)(1), title

22    28 U.S.C. section 636(b)(1)(B), and C.D. Cal. Local Civil Rule 72-3.3, the United States

23    Magistrate Judge issued a Report and Recommendation ("R&R") on January 5, 2017.  *See*

24    Case Management / Electronic Case Filing System Document ("Doc") Doc 15.

25        Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the habeas corpus petition

26    (Doc 1), the respondent warden's answer and accompanying memorandum (Doc10), the

27

28                                        -1-

1 relevant decision(s) of the California state courts, the other "lodged documents" submitted

2 by the respondent warden in paper form (listed in the Notices of Lodging, Docs 11 and 12),

3 the Magistrate Judge's R&R (Doc 15), and the applicable law.  Petitioner did not file a

4 traverse in support of his petition, nor did he seek an extension of time in which to do so.[1]

5 **Petitioner has not filed written objections to the R&R within the time allotted by**

6 **our Local Civil Rule 72-3.4, which expired several weeks ago.**[2]  *See Sudduth v. Soto*, No.

7 LA CV 15-09038-VBF, 2016 WL 2016 WL 4035337, *1 (C.D. Cal. July 12, 2016)

8 (Fairbank, J.) ("This Court never rules on an R&R without waiting for the objection deadline

9 to pass, and it will not rule on the R&R here until at least one week after . . . [petitioner]'s

10 objection deadline elapses . . . .").  Nor has petitioner sought an extension of the objection

11 deadline.  Accordingly, the Court proceeds to the issues without waiting further.

12

13 **By its terms, Federal Rule of Civil Procedure 72(b)(3) requires a District Judge**

14 **to conduct de novo review only of those portions of an R&R to which a party has filed**

15

---

16   [1]

17 **In any event, neither statute nor rule gives federal habeas petitioners a right to file a**
**traverse to a respondent's answer.**  *Accord United States v. Hall*, 2006 WL 562476, *1 (E.D. Pa.
18 Mar. 7, 2006) (Fullam, J.) ("Hall has now filed a 'Motion for Relief . . . ,' asserting that he had not
actually received a copy of the government's response to his earlier motion, and was thus deprived
19 of the opportunity to file a reply to the government's response.  * * *  [T]he present application must
be rejected for the following reasons:  * * * (2) petitioner did not have a right to file a reply; . . . .").

20   [2]

21 Both Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. section 636(b)(1) provide that a party may file
written objections to an R&R within fourteen days after being served with the R&R.  Our Local Civil
22 Rule 72-3.3, however, provides that "[i]f a party is in custody at the time of the filing of the
Magistrate Judge's Report, the time for filing objections under F.R. Civ. P. 72(b) shall be shall be
23 twenty (20) days or such further time as the Magistrate Judge may order."

24
"Consistent with the Federal Rule governing Magistrate Judges and the Federal Magistrates
25 Act, the Court construes that to mean twenty calendar days after the incarcerated party is *served with*
*the R&R*, not merely twenty days after the R&R is filed on the docket."  *Crump v. CSP-Los Angeles*
26 *County's Maintenance-Plant Operations Dep't*, No. LA CV 15-07845, 2016 WL 1610593, *1 n.1
27 (C.D. Cal. Apr. 21, 2016) (Fairbank, J.), *appeal dismissed*, No. 16-55883 (9th Cir. Dec. 9, 2016).

28

1   **timely specific objection.**   *See, e.g., Jette v. Colvin*, No. 3:13-cv-00719-AC, 2016 WL

2   4717735, *1 (D. Or. Sept. 7, 2016) ("Because no objections . . . were timely filed, this Court

3   is relieved of its obligation to review the record *de novo*.") (citing *Dawson v. Marshall*, 561

4   F.3d 930, 932 (9th Cir. 2009) (citing 28 U.S.C. section 636(b)(1)( C) and *United States v.*

5   *Howell*, 231 F.3d 615, 622 (9th Cir. 2000)) and *United States v. Reyna-Tapia*, 328 F.3d 1114,

6   1121 (9th Cir. 2003) (en banc)); *Rael v. Foulk*, No. LA CV 14-02987 Doc. 47, 2015 WL

7   4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.) ("As required by Fed. R. Civ. P. 72(b)(3),

8   the Court has engaged in de novo review of the portions of the R&R to which petitioner has

9   specifically objected . . . ."), *COA denied*, Doc. 53, No. 15-56205 (9th Cir. Feb. 18, 2016).

10          **Conversely, the Ninth Circuit has held that absent a timely objection purporting**

11   **to identify specific defects in the R&R, the District Judge has no obligation to review**

12   **the R&R at all.**   *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en

13   banc) (district judge must review a magistrate's findings and recommendations de novo if

14   objections are made, "but not otherwise")), *cited by Beard v. Nooth*, 2013 WL 3934188, *1

15   (D. Or. July 30, 2013) ("For those portions of a magistrate's findings and recommendations

16   to which neither party has objected, the [Federal Magistrates] Act does not prescribe any

17   standard of review.") (also citing *Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 473

18   (1985) ("There is no indication that Congress, in enacting [the Federal Magistrates Act],

19   intended to require a district judge to review a magistrate's report.[.]")); *see, e.g., Herring*

20   *v. Maricopa County Sheriff's Office*, 2016 WL 2754851, *1 (D. Ariz. May 12, 2016)

21   (Campbell, J.) ("No objection has been filed, which relieves the Court of its obligation to

22   review the R&R.") (citing, *inter alia*, *Reyna-Tapia*, 328 F.3d at 1121, and *Thomas*, 474 U.S.

23   at 149); *Hussak v. Ryan*, 2016 WL 2606993, *1 (D. Ariz. May 6, 2016) (Rayes, J.) (same).

24   *Accord Kinetic Fuel Technology, Inc. v. Total Fuel Solutions, LLC*, 2016 WL 1389616, *1

25   (W.D.N.Y. Apr. 6, 2016) ("The Court is not required to review de novo those portions of a

26   report and recommendation to which objections were not filed.") (citing *Mario v. P&C Food*

27

28                                                         -3-

1    *Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

2          "**Nonetheless, the Magistrates Act does not *preclude* a district judge from**

3    **reviewing an R&R to make sure that it recommends a legally permissible and**

4    **appropriate outcome (based on sound reasoning and valid precedent) if she chooses to**

5    **do so.**" *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (Fairbank, J.)

6    (citing *Beard*, 2013 WL 3934188 at *1 (although in the absence of objections no review is

7    required, the Magistrates Act "'does not preclude further review by the district judge[] *sua*

8    *sponte* . . . under a de novo or any other standard"') (quoting *Thomas*, 474 U.S. at 154)).

9    "'Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no

10   timely objection is filed, the Court review the magistrate's recommendations for clear error

11   on the face of the record.'" *Juarez*, 2016 WL 2908238 at *2 (quoting *Beard*, 2013 WL

12   3934188 at *1 (internal quotation marks omitted)).

13         **Out of an abundance of caution, then, the Court has reviewed the R&R.  On**

14   **either clear-error or de novo review, the Court finds no defect of law, fact, or logic in**

15   **the R&R.**  Therefore the Court will adopt the R&R and implement its recommendations.

16   *Cf. Hawkins v. Boyd*, 2017 WL 27949, *1 (E.D.N.Y. Jan. 3, 2017) ("This Court, however,

17   will conduct de novo review if it appears that the magistrate judge may have committed plain

18   error.  No such error appears here.  Accordingly, the Court adopts the R&R . . . .") (internally

19   citing *Spence v. Sup't of Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)).

20

21                                        ORDER

22         The Report and Recommendation **[Doc # 15] is ADOPTED** without objection.

23         Hill's petition for a writ of habeas corpus **[Doc # 1] is DENIED.**

24

25         **The Court will contemporaneously rule on a certificate of appealability.** *See Henderson*

26   *v. United States*, 2015 WL 66509, *2 (D. Idaho Jan. 5, 2015) (Winmill, C.J.) ("Habeas Rule 11(a)

27

28                                         -4-

1     states that this Court 'must issue or deny a certificate of appealability (COA) when it enters a final

2     order adverse to the applicant.'").  **The COA ruling will be made by separate order.**  *See, e.g.,*

3     *Roybal v. Davis*, 148 F. Supp.2d 958, 1125 (S.D. Cal. 2015) (after ruling on the merits and partially

4     denying habeas petition, court stated, "In the final order, entered contemporaneously with the present

5     order, the Court grants a COA on Claims . . . , and denies a COA on [other claims].").

6           **Final judgment will be entered consistent with this order.  "As required by Fed. R. Civ.**

7     **P. 58(a), the Court will enter judgment by separate document."**  *Toy v. Soto*, No. LA CV 14-

8     06563-VBF Doc. 30, 2015 WL 2168744, *1 (C.D. Cal. May 5, 2015) (citing *Jayne v. Sherman*, 706

9     F.3d 994, 1009 (9th Cir. 2013)) (n. 1 omitted), *COA denied*, No. 15-55866 (9th Cir. Jan. 20, 2016).

10

11           **This action is DISMISSED with prejudice.**

12           **The case SHALL BE TERMINATED and closed (JS-6).**

13

14

15     Dated:  Thursday, February 23, 2017        *Valerie Baker Fairbank*
                                          _____

16                       Hon. Valerie Baker Fairbank

17                     Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28                                   -5-